IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:10-CR-037 |
| | § | |
| CYNTHIA LYNN ORTEGA | § | |

## REPORT AND RECOMMENDATION TO DENY MOTION FOR TIME EXTENSION

Before the Court is a "Motion Requesting Extention [sic] to File Motion 28 U.S.C. Section 2255," filed by defendant April 8, 2013 (document 131). An identical motion was again filed May 6, 2013 (document 132). For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motions be DENIED.

By the motions, defendant requests the Court extend by ninety days the deadline for her anticipated 28 U.S.C. § 2255 motion. Defendant bases her motions on the assertion that, due to attorney error or neglect, she did not receive actual notice of the Fifth Circuit's action on her appeal until approximately eighty-one days after such action was taken, *i.e.*, she received actual notice on September 10, 2012, rather than on June 21, 2012.

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446, 113 S.Ct. 2173, 2178, 124 L.Ed.2d 402 (1993).

In this case, Petitioner has not yet filed a 28 U.S.C. § 2255 petition, and there is no case or controversy to be heard. There is no adverse party before the Court, nor is there any concrete dispute for the Court to decide. The motion for extension of time in essence asks for an advisory opinion, *i.e.*, it asks the Court to determine in advance whether the petition will be timely if it is filed at some unspecified date in the future, and whether equitable tolling is applicable to limitations. This Court cannot grant the relief Petitioner requests without offending the Constitution's case or controversy requirement.[1]

Accordingly, if defendant wishes to file a 28 U.S.C. § 2255 motion, she should do so within the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). If she elects to file a 28 U.S.C. § 2255 motion after the one-year deadline has passed, the Court would then have jurisdiction to determine defendant Ortega's case is one of the rare and exceptional cases where tolling would be appropriate. The Court reaches no conclusions at this time whether defendant would be entitled to any tolling as to any future 28 U.S.C. § 2255 motion, and if defendant chooses to not timely file her 28 U.S.C. § 2255 motion, she does so at her own risk. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (stating attorney error or neglect is insufficient to avoid the one-year limitations period). At this point, because a 28 U.S.C. § 2255 motion is not pending in the Court, the Court lacks jurisdiction to do anything but deny this motion.

---

[1] The Court cannot interpret defendant's motion as commencing a motion to vacate, set aside, or correct. Rule 2(a) and (b) of the Rules Governing 2255 Cases provides that such a motion shall substantially follow either the form appended to the rules or the one prescribed by the Court. Defendant's instant motions only requests additional time to file a 28 U.S.C. § 2255 motion. It is not in the required form of a 28 U.S.C. § 2255 motion nor does it specify any of the required details of a 28 U.S.C. § 2255 motion.

# RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the two motions "Requesting Extention [sic] to File Motion 28 U.S.C. Section 2255," documents 131 and 132, be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED this 15th day of May, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).